**PHILADELPHIA–DETROIT LINES, Inc., v. SIMPSON, State Road Com'r of West Virginia, et al.**

Civ. A. No. 108.

District Court, S. D. West Virginia.

Sept. 27, 1940.

Lawrence Rollins, of Charleston, W. Va., and Leo P. Kitchen and Dan R. Schwartz, both of Jacksonville, Fla., for Philadelphia-Detroit Lines.

R. S. Spilman, of Charleston, W. Va., and Clarence W. Meadows, Atty. Gen., of Charleston, W. Va., for the State.

Before NORTHCOTT, Circuit Judge, and McCLINTIC and H. E. WATKINS, District Judges.

NORTHCOTT, Circuit Judge.

This is a suit brought by the plaintiff, Philadelphia-Detroit Lines, Incorporated, against the defendants, Burr H. Simpson, C. C. Tallman and Clarence W. Meadows, seeking to enjoin the defendants from enforcing certain parts of a West Virginia statute, relating to the use of trucks over the highways of the State. The plaintiff is a Delaware corporation engaged in the business of transporting new automobiles for delivery from the factories to dealers by what is termed the "truckaway" method. The trucks of the plaintiff cross the State of West Virginia in interstate traffic.

The defendant Burr H. Simpson is the State Road Commissioner of the State of West Virginia, C. C. Tallman is Superintendent of the Department of Public Safety of the State of West Virginia, and Clarence W. Meadows is the Attorney General of the State of West Virginia.

A three-judge court was constituted as provided by Section 380, Title 28 U.S.C.A., Judicial Code, Sec. 266, as amended. The defendants moved to dismiss the complaint and filed an answer. Upon the convening of the court, arguments were heard upon the motion to dismiss.

The West Virginia statute in question is entitled "An Act regulating the use of highways by motor vehicles carrying other vehicles" and is designated as Chapter 88, Acts of Legislature, 1939, sometimes known as Section 19(b), Article 8, Chapter 17, of the Code of West Virginia. The Act makes it unlawful for any person to operate on the highways of West Virginia on and after July 1, 1940, (a) a vehicle

having two levels, for the carriage of other vehicles; (b) a vehicle carrying other vehicles any of which (or any part of which) is carried at a height of 115 inches (9 feet, 7 inches) above the ground; (c) a vehicle carrying other vehicles any part of which is above the cab of the carrier vehicle or over the head of the operator of such carrier vehicle; and (d) a vehicle carrying any other vehicle any axle of which is more than 3 feet higher than any other axle on such carrier vehicle (that is to say, an automobile or other vehicle which has to be so tilted upward in order to make it a part of the load).

In the complaint, plaintiff admits that its trucks as operated violate Subsections (a), (b) and (d) of the Act but alleges that these provisions are a violation of the equal protection clause of the Federal Constitution, Amend. 14, and are an unreasonable restraint and burden upon interstate commerce.

The Supreme Court of the United States has had occasion to consider state statutes, respecting the use of state highways, in two very recent cases, South Carolina State Highway Department v. Barnwell Bros., 303 U.S. 177, 58 S.Ct. 510, 82 L.Ed. 734, and Maurer et al. v. Hamilton, 309 U. S. 598, 60 S.Ct. 726, 84 L.Ed. 969.

In the South Carolina case [303 U.S. 177, 58 S.Ct. 517, 82 L.Ed. 734], Mr. Justice Stone said: " * * * When the action of a Legislature is within the scope of its power, fairly debatable questions as to its reasonableness, wisdom, and propriety are not for the determination of courts, but for the legislative body, on which rests the duty and responsibility of decision. * * * This is equally the case when the legislative power is one which may legitimately place an incidental burden on interstate commerce. It is not any the less a legislative power committed to the states because it affects interstate commerce, and courts are not any the more entitled, because interstate commerce is affected, to substitute their own for the legislative judgment. * * *

"Being a legislative judgment it is presumed to be supported by facts known to the Legislature unless facts judicially known or proved preclude that possibility.

Hence, in reviewing the present determination, we examine the record, not to see whether the findings of the court below are supported by evidence, but to ascertain upon the whole record whether it is possible to say that the legislative choice is without rational basis."

In the Maurer case [309 U.S. 598, 60 S.Ct. 729, 84 L.Ed. 969] a Pennsylvania statute, similar to the West Virginia statute here involved, was in question and Mr. Justice Stone again said: "The nature and extent of the state power, in the absence of Congressional action, to regulate the use of its highways by vehicles engaged in interstate commerce has so recently been considered by this Court that it is unnecessary to review the authorities now, or to restate the standards which define the state power to prescribe regulations adapted to promote safety upon its highways and to insure their conservation and convenient use by the public. See South Carolina Highway Dept. v. Barnwell Bros., 303 U.S. 177, 58 S.Ct. 510, 82 L.Ed. 734. Judged by these standards we can find no basis for saying that the Pennsylvania statute is not such a regulation or that it is a denial of due process or that it infringes the commerce clause if Congress has not authorized the Interstate Commerce Commission to promulgate a conflicting rule."

In view of these two very complete discussions of the power of the state to enact legislation respecting the use of state highways we have no hesitancy in reaching the conclusion that the allegations of the complaint are not such as would justify us in holding that the legislative action in the enactment of the statute in question was without rational basis. We cannot substitute our judgment for that of the legislature whose province it is to settle such questions and that body is conclusively presumed to have acted after thorough investigation and upon reasonable grounds.

Taking all the allegations of fact properly pleaded in the complaint as true, we are of the opinion that the complaint is without equity and fails to state a claim against the defendants upon which relief can be granted. The motion to dismiss the complaint is granted and the complaint dismissed.